**2013 UT App 15**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

CARL DEAN STRINGHAM,

*Defendant and Appellant.*

Per Curiam Decision
No. 20110155-CA
Filed January 25, 2013

Eighth District, Vernal Department
The Honorable Edwin T. Peterson
No. 101800086

Ryan B. Evershed and William L. Reynolds,
Attorneys for Appellant
John E. Swallow and Michelle M. Young,
Attorneys for Appellee

Before JUDGES DAVIS, MCHUGH, and VOROS.

PER CURIAM:

¶1     Carl Dean Stringham appeals his conviction after a jury trial for operating or being in actual physical control of a vehicle without an ignition interlock system, a class B misdemeanor. Stringham argues that the evidence was insufficient to support the conviction. Because the issue was not preserved for appeal, he contends that either the district court committed plain error by failing to dismiss the charge or that trial counsel was ineffective in failing to raise an insufficiency of the evidence claim in the district court. In this appeal, Stringham does not challenge his convictions

for driving under the influence of alcohol, a third degree felony, or being an alcohol restricted driver, a class B misdemeanor. We affirm.

¶2    "[A]s a general rule, a defendant must raise the sufficiency of the evidence by proper motion or objection to preserve the issue for appeal." *State v. Holgate*, 2000 UT 74, ¶ 16, 10 P.3d 346. Nevertheless, a "trial court plainly errs if it submits the case to the jury and thus fails to discharge a defendant when the insufficiency of the evidence is apparent to the court." *Id*. ¶ 17. "[T]o establish plain error, a defendant must demonstrate first that the evidence was insufficient to support a conviction of the crime charged and second that the insufficiency was so obvious and fundamental that the trial court erred in submitting the case to the jury." *Id.* When the sufficiency of the evidence is challenged, an appellate court reviews "the evidence and all inferences drawn therefrom in a light most favorable to the verdict." *Id.* ¶ 18.

¶3    The arresting officer testified that he determined from running a computer check on Stringham's driver license that he was required to have an interlock device installed on his vehicle before it could be operated, "which was not in the vehicle." The officer testified that an ignition interlock device is a device that "has to register that the subject has no alcohol in his system before" the vehicle will start. When the arresting officer was asked whether the vehicle operated by Stringham was equipped with such an interlock device, the officer stated, "Yes, when I first approached I did notice one, and then after I found this information, and later during the impound of the vehicle, there was no interlock in the vehicle." The officer testified that when he asked Stringham about the ignition interlock device restriction, Stringham stated that he was off probation and therefore could consume alcohol. At trial, Stringham did not testify that he had an ignition interlock device installed in the vehicle and instead testified that he believed he was no longer required to have an ignition interlock device on his vehicle because he was no longer on probation from a prior case. The jury could reasonably infer from the officer's testimony that

the officer was mistaken in his initial belief that an interlock device was in the vehicle and determined that such a device was, in fact, not installed in the vehicle. Stringham's claim to the officer and his testimony at trial to the effect that he believed he was not required to have an ignition interlock device installed on his vehicle also supported a reasonable inference that no such device was installed on the vehicle. The evidence that Stringham was operating the vehicle when he was stopped was uncontroverted. If an ignition interlock device had been properly installed, Stringham could not have started the vehicle in his intoxicated state.

¶4      Stringham essentially claims that the officer's testimony was ambiguous and therefore raised a reasonable doubt about whether there was an ignition interlock device in the vehicle. "To determine whether there was sufficient evidence to convict a defendant, we do not examine whether we believe that the evidence at trial established guilt beyond a reasonable doubt," and we instead determine whether the evidence was "sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted." *Id.* (citations and internal quotation marks omitted). Given the evidence and the inferences reasonably drawn therefrom, there was sufficient evidence to support the conviction. It follows that Stringham has not demonstrated that there was an insufficiency of the evidence that was so obvious and fundamental that the district court plainly erred in not dismissing the charge before submitting it to the jury.

¶5      Stringham also has not met his burden of establishing ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a defendant must show both "that counsel's performance was so deficient as to fall below an objective standard of  reasonableness" and "that but for counsel's deficient performance there is a reasonable probability that the outcome of the trial would have been different." *State v. Smith*, 909 P.2d 236, 243 (Utah 1995). "The failure of counsel to make motions or objections which would be futile if raised does not constitute ineffective assistance."

*State v. Whittle*, 1999 UT 96, ¶ 34, 989 P.2d 52. Because the evidence and reasonable inferences to be drawn therefrom were sufficient to support the jury's verdict, trial counsel did not render deficient performance by failing to make a motion for a directed verdict or otherwise raising a challenge to the sufficiency of the evidence. Furthermore, Stringham cannot demonstrate that he was prejudiced by a failure to challenge the sufficiency of the evidence.

¶6     Accordingly, we affirm the conviction.

_____